IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| PRESERVATION TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 6:22-cv-00025-ADA |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| WGCZ LIMITED., S.R.O. and | ) | |
| WGCZ HOLDING, A.S., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT BASED ON LACK OF JURISDICTION AND IMPROPER VENUE

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...........................................................................................................1

FACTUAL BACKGROUND .........................................................................................2

I.     Plaintiff's Claims .................................................................................................2

II.    Defendants WGCZ Limited and WGCZ Holding's Lack Of Contacts With This Forum ..................................................................................................................4

     A.     XVideos ....................................................................................................4

     B.     XNXX .......................................................................................................4

     C.     Bangbros ..................................................................................................4

     D.     Penthouse .................................................................................................5

III.    Non-Defendant WebGroup Czech Republic, a.s. ("WebGroup") .......................5

ARGUMENT .................................................................................................................6

I.     Plaintiff Cannot Establish Personal Jurisdiction Over Either Defendant ...........6

     A.     There is No General Jurisdiction Over Defendants ..................................7

     B.     There Is No Specific Jurisdiction Over Defendants .................................9

           1.     Purposeful Contact is Lacking ....................................................10

                (a)     *Neither Defendant Operates XVideos* ...........................10

                (b)     *XNXX Cannot Be Considered a Purposeful Contact* ....10

                (c)     *Bangbros is Also Not a Contact* ....................................11

                (d)     *Penthouse Does Not Support Jurisdiction* .....................11

                (e)     *There is No Basis for a Stream of Commerce Theory* ...12

                (f)     *Subsidiaries Also Do Not Provide Jurisdiction* ............13

           2.     Plaintiff's Claims Do Not Arise Out of or Relate to Any of Defendants' Forum-Related Activities ......................................14

                (a)     *Lawsuits* .......................................................................15

                (b)     *Business Offices* ...........................................................16

                (c)     *Servers and Content Delivery Networks* ........................16

           3.     Exercising Jurisdiction Over the Defendants Would Offend Notions of Fair Play and Substantial Justice ..........................16

II.    XVideos Would Not Support Jurisdiction over Non-Defendant WebGroup ....17

III.    Independently, This Suit Should be Dismissed for Lack of Proper Venue .......19

CONCLUSION .............................................................................................................20

# TABLE OF AUTHORITIES

**Page**

## Cases

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
689 F.3d 1358 (Fed. Cir. 2012) .......................................................... 13

*Alpine View Co. v. Atlas Copco AB*,
205 F.3d 208 (5th Cir. 2000) ............................................................... 7

*Auto Wax, Inc. v. Kasei Kogyo Co., Ltd.*,
No. A 00-531 SS, 2001 WL 1891719 (W.D. Tex. Sept. 26, 2001) ........................................ 16

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
566 F.3d 1012 (Fed. Cir. 2009) ............................................................ 7

*BGDG Enterprises, LLC v. Barley & Swine*,
No. A-13-CA-719-SS, 2014 WL 12479650 (W.D. Tex. Jan. 23, 2014) ................................ 18

*BNSF Ry. Co. v. Tyrrell*,
137 S. Ct. 1549 (2017) ........................................................................ 7

*Bristol-Myers Squibb Co. v. Superior Court of Cal.*,
137 S. Ct. 1773 (2017) ................................................................ 7, 9, 14

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ............................................................................ 9

*Calder v. Jones*,
465 U.S. 783 (1984) ............................................................................ 6

*Campbell Pet Co. v. Miale*,
542 F.3d 879 (Fed. Cir. 2008) ......................................................... 8, 9

*Celgard, LLC v. SK Innovation Co.*,
792 F.3d 1373 (Fed. Cir. 2015) ..................................................... 6, 11

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ....................................................................... 1, 7

*Dalton v. R&W Marine, Inc.*,
897 F.2d 1359 (5th Cir. 1990) .......................................................... 14

*Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*,
943 F.3d 239 (5th Cir. 2019) ............................................................ 14

*Eagle Metal Prods., LLC v. Keymark Enters., LLC*,
651 F. Supp. 2d 577 (N.D. Tex. 2009) ............................................... 6

*Elecs. For Imaging, Inc. v. Coyle*,
340 F.3d 1344 (Fed. Cir. 2003) ......................................................... 9

*Fielding v. Hubert Burda Media, Inc.*,
　　415 F.3d 419 (5th Cir. 2005) ........................................................................ 12

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
　　141 S. Ct. 1017 (2021) ................................................................................. 14

*Frank v. P N K (Lake Charles)*,
　　L.L.C., 947 F.3d 331 (5th Cir. 2020) ............................................................ 8

*Freescale Semiconductor, Inc. v. Amtran Tech. Co.*,
　　No. A-12-CV-644-LY, 2014 WL 1603665 (W.D. Tex. Mar. 19, 2014) ............... 13

*Galderma Labs., L.P. v. Teva Pharms. United States, Inc.*,
　　290 F. Supp. 3d 599 (N.D. Tex. 2017) ......................................................... 20

*Gonzalez v. Bank of Am. Ins. Servs., Inc.*,
　　454 F. App'x 295 (5th Cir. 2011) ................................................................. 13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
　　564 U.S. 915 (2011) ..................................................................................... 9

*GreatFence.com, Inc. v. Bailey*,
　　726 F. App'x 260 (5th Cir. 2018) ................................................................. 18

*Grober v. Mako Prods., Inc.*,
　　686 F.3d 1335 (Fed. Cir. 2012) .................................................................... 9

*Hepp v. Facebook, Inc.*
　　476 F. Supp. 3d 81 (E.D. Pa. 2020) ....................................................... 10, 11

*Hepp v. Facebook, Inc*
　　14 F.4th 204 (3d Cir. 2021) .................................................................... 4, 11

*In re Chinese Manufactured Drywall Prod. Liab. Litig.*,
　　894 F. Supp. 2d 819 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014), and
　　*aff'd*, 753 F.3d 521(5th Cir. 2014) ............................................................ 12

*In re Cray Inc.*,
　　871 F.3d 1355 (Fed. Cir. 2017) ................................................................... 20

*In re Penthouse Global Media, Inc.*,
　　Case No. 1:18-bk-10098-MB (C.D. Cal. 2018) .............................................. 12

*In re ZTE (USA) Inc.*,
　　890 F.3d 1008 (Fed. Cir. 2018) ................................................................... 19

*Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*,
　　818 F.3d 193 (5th Cir. 2016) ....................................................................... 12

*Interactive Life Forms, LLC v. Weng*,
　　No. A-12-CA-1182-SS, 2013 WL 12116148 (W.D. Tex. Apr. 8, 2013) .............. 9

*Jackson v. Tanfoglio Giuseppe, S.R.L.*,
    615 F.3d 579 (5th Cir. 2010) ........................................................ 11

*Johnson v. TheHuffingtonPost.com, Inc.*,
    21 F.4th 314 (5th Cir. 2021) ........................................................ 17

*Johnston v. Pneumo Corp.*,
    652 F. Supp. 1402 (S.D. Miss. 1987) ........................................... 12

*Marynard v. Philadelphia Cervical Collar Co.*,
    18 F. App'x 814 (Fed. Cir. 2001) ................................................. 13

*NexLearn, LLC v. Allen Interactions, Inc.*,
    859 F.3d 1371 (Fed. Cir. 2017) ........................................... 7, 17, 18

*Nunes v. NBCUniversal Media, LLC*,
    No. 4:21-CV-00608, 2022 WL 269101 (E.D. Tex. Jan. 28, 2022) ........................................ 18

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
    253 F.3d 865 (5th Cir. 2001) .......................................................... 6

*Patterson v. Aker Sols. Inc.*,
    826 F.3d 231 (5th Cir. 2016) .......................................................... 6

*Pieczenik v. Dyax Corp.*,
    265 F.3d 1329 (Fed. Cir. 2001) ...................................................... 6

*Quick Techs., Inc. v. Sage Grp. PLC*,
    313 F.3d 338 (5th Cir. 2002) .......................................................... 6

*Reflection, LLC v. Spire Collective LLC*,
    No. 17-cv-1603-GPC(BGS), 2018 WL 310184 (S.D. Cal. Jan. 5, 2018)............................... 20

*Revell v. Lidov*,
    317 F.3d 467 (5th Cir. 2002) ...................................................... 6, 9

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574 (1999)...................................................................... 6

*Sangeppha v. Navig8 ShipManagement Priv. Ltd.*,
    882 F.3d 96 (5th Cir. 2018) .......................................................... 11

*Southmark Corp. v. Life Invs., Inc.*,
    851 F.2d 763 (5th Cir. 1988) .......................................................... 8

*Special Indus., Inc. v. Zamil Grp. Holding Co.*,
    578 F. App'x 325 (5th Cir. 2014) .................................................... 8

*Sys. Div., Inc. v. Teknek Elecs., Ltd.*,
    253 F. App'x 31 (Fed. Cir. 2007) .................................................. 14

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017)................................................................. 19

*Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*,
    395 F.3d 1275 (Fed. Cir. 2005) ............................................................... 8, 17

*Will Co. Ltd. v. Fung*,
    No. C20-5666RSL, 2021 WL 3036853 (W.D. Wash. July 19, 2021) ................................... 19

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ............................................................................ 16

*Wyatt v. Kaplan*,
    686 F.2d 276 (5th Cir. 1982) ..................................................................... 6

### Rules and Statutes

28 U.S.C. § 1400 (b) ............................................................................ 2, 19, 20

Fed. R. Civ. P. 12(b)(2) ......................................................................... 6

# INTRODUCTION

Plaintiff Preservation Technologies LLC ("Plaintiff" or "Preservation"), a non-practicing entity, filed a patent infringement action in this District against foreign defendants WGCZ Limited, s.r.o. ("WGCZ Limited") and WGCZ Holding, a.s. ("WGCZ Holding") (together, WGCZ Limited and WGCZ Holding are "Defendants"). Both Defendants are Czech entities: they are situated in the Czech Republic in the European Union, with no offices, personnel, or bank accounts in this District.

In an effort to claim that these foreign Defendants are subject to personal jurisdiction here, Plaintiff makes mistaken factual allegations and relies on purported contacts do not relate to the claims of this case, and indeed, in most instances, do not relate even remotely to either of the Defendants or to this forum. Plaintiff cites, *inter alia*, unrelated lawsuits in other districts; an unsupported "stream of commerce" theory; unspecified sales and revenue in this District; and factually incorrect allegations as to business presence and servers in this District. These assertions are insufficient. Defendants are not subject to jurisdiction in this District, and they must be dismissed from this lawsuit.

*First,* there is no general jurisdiction over Defendants. Both Defendants are Czech entities who operate in the European Union, with no offices, personnel, bank accounts, or physical presence in this District; they are in no way "at home" here, as required by well-settled law. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014).

*Second*, there is no specific jurisdiction over Defendants. Plaintiff's attempts to tie Defendants to this District through four allegedly infringing websites (XVideos, XNXX, Bangbros, and Penthouse) are factually flawed because Defendants are holding companies that do not operate any of those websites. XVideos,[1] XNXX, and Bangbros are not owned or operated by either Defendant, and therefore cannot serve as the basis for jurisdiction over Defendants here, or anywhere. Similarly, Penthouse has not been operated or owned by either Defendant but instead

---

[1]  XVideos is owned by a separate Czech Republic company, WebGroup Czech Republic, a.s., which is addressed *infra,* Section V.

by a different entity that is not only legally distinct from Defendants, but that itself did not acquire the website until well after the patents at issue expired.  Because Defendants do not direct conduct toward this forum, let alone conduct tied to this litigation, specific jurisdiction is lacking.

**Finally**, and as an independent basis for dismissal, venue is improper in this case.  Defendants do not reside in this District, infringe in this District, or have "regular and established" places of businesses here.  *See* 28 U.S.C. § 1400 (b).  Each of the deficiencies is fatal to a finding of venue.

There is no jurisdiction or proper venue in this forum as against either Defendant, and Defendants respectfully request that the Court dismiss this suit on those grounds.

## FACTUAL BACKGROUND

### I.  Plaintiff's Claims

Plaintiff alleges Defendants have infringed eleven patents[2] assigned to the Shoah Foundation, a non-profit organization affiliated with the University of Southern California.  Compl. ¶ 30.  Though there is no record of assignment at the PTO evincing Plaintiff's purported rights and interest, it proclaims without factual elaboration to have "all substantial rights and interest[s]" to the Asserted Patents.[3]  *See id.* ¶¶ 2, 30.

The Asserted Patents, which expired no later than July 10, 2016, are directed to cataloguing, organizing, storing, surveying and distributing data.  *Id.* ¶¶ 19–29.  Plaintiff alleges Defendants' alleged, unspecified "software and hardware" (the "Accused Systems") support various streaming video websites, and that the Accused Systems allow a user to browse and select multimedia from a catalogue maintained on an index server through a text-interface keyword

---

[2]   The eleven patents are U.S. Patent No. 5,813,014, U.S. Patent No. 5,832,499, U.S. Patent No. 6,092,080, U.S. Patent No. 6,353,831, U.S. Patent No. 5,832,495, U.S. Patent No. 6,477,537, U.S. Patent No. 6,199,060, U.S. Patent No. 6,212,527, U.S. Patent No. 6,549,911, U.S. Patent No. 6,581,071, and U.S. Patent No. 6,574,638 (collectively, the "Asserted Patents" or "Patents-in-Suit").  Compl. ¶ 2.  Since 2011, Preservation has asserted these same eleven patents in serial litigation among 20 lawsuits against over 30 entities—none of which reached a decision on the merits, and each of which were voluntarily dismissed.

[3]   Defendants reserve all rights to challenge any standing deficiencies upon discovery into Preservation's purported rights to the Asserted Patents.

query. *Id.* ¶¶ 127, 131–35. Plaintiff alleges that the index server processes a request by searching the catalogue for multimedia using "catalogue elements," e.g., keywords and tags. *Id.* ¶¶ 135–44.

Among its accusations, Plaintiff alleges Defendants intended to directly infringe, induced infringement, and contributorily infringed the Asserted Patents by "putting [the Accused Systems] into use" through the Accused Websites. *Id.* ¶ 151. Those Accused Websites are: www.xvideos.com ("XVideos"); www.xnxx.com ("XNXX"), www.bangbros.com ("Bangbros"), and www.penthouse.com (the "Penthouse website"). Plaintiff further alleges Defendants induced the direct infringement of the Asserted Patents by end users and third party Content Distribution Networks ("CDNs") by providing instruction and direction to facilitate the operation of the Accused Websites in an infringing manner. *Id.* ¶ 152. Plaintiff alleges Defendants "exercise control over the devices of customers and third parties" because those "customers and third parties download . . . software and/or mobile applications to their devices," but fails to cite any such software or mobile applications offered by the Defendants. *Id.* ¶ 146.

Plaintiff claims there is jurisdiction because Defendants "have placed products . . . into the stream of commerce . . . within this district" and have "business offices in this [d]istrict." *Id.* ¶ 15. Plaintiff alleges XVideos resolves to ServerStack, Inc. within the U.S., and that Defendants contract with Content Distribution Networks ("CDNs") to distribute video content in this District. *Id.* ¶ 16. Plaintiff also claims the Accused Websites put allegedly patented methods into the stream of commerce and put into use "components from other parties (such as CDNs and customers) that constitute infringement." *Id.* ¶ 127. Plaintiff, however, does not specify how the Accused Websites do so, besides brief references to XVideos. *See id.* ¶¶ 130–34.

Plaintiff sent a letter regarding certain patents to Defendants on June 1, 2016, in response to which Defendants informed Plaintiff of the extraterritorial nature of their businesses. *Id.* ¶ 164. Since then, Defendants heard nothing from Plaintiff until the initiation of this lawsuit in January 2022—almost six years after the last Asserted Patent had expired.

//

## II. Defendants WGCZ Limited and WGCZ Holding's Lack Of Contacts With This Forum

Defendants WGCZ Limited and WGCZ Holding are holding companies organized and existing under Czech Republic law, with their principal place of business in Prague, Czech Republic in the European Union.  Declaration of Robert Seifert ("Seifert Decl.") ¶¶ 2, 6.  WGCZ Holding is the owner of WGCZ Limited, among other entities.  *Id.* ¶ 6.  However, the entities are separate, do not commingle assets, and maintain corporate formalities.  *Id.* ¶ 7.  Neither entity has (or has ever had) offices, bank accounts, mailing addresses, personnel, properties, officers, or directors in Texas or elsewhere in the U.S.  *Id.* ¶¶ 3–4.  As detailed in the following subsections, WGCZ Limited and WGCZ Holding also have little to no ties to this forum arising from the four allegedly infringing websites the could give rise to jurisdiction.

### A. XVideos

WGCZ Limited and WGCZ Holding do not operate XVideos or provide support to the website; rather, XVideos is operated by WebGroup Czech Republic, a.s. ("WebGroup"), a separate Czech entity that is not named as a Defendant in this action.  *Id.* ¶ 9.

### B. XNXX

Neither Defendant owns or operates XNXX, nor is either one involved in maintaining or operating that website.  *Id.* ¶ 15.  The website's Terms of Service, which are publicly available, confirm that NKL Associates s.r.o., a separate company, is the owner and operator of XNXX.  *Id.; see also Hepp v. Facebook, Inc.*, 14 F.4th 204, 208 n.1 (3d Cir. 2021) (affirming dismissal of WGCZ, a.s., now WGCZ Limited, from right of publicity lawsuit because it did not operate XNXX during the relevant time).

### C. Bangbros

Bangbros is not owned or operated by either Defendant.  *Id.* ¶ 16.  Bangbros is operated by Sonesta Technologies, s.r.o., with separate companies (Sonesta Limited, s.r.o. and Sonesta Media, s.r.o.) holding the intellectual property for Bangbros.  *Id.*  Those entities, in turn, are ultimately held by United Communication Hldg II, a.s., a company held by two individuals who reside in the

Czech Republic.  *Id.*  Although those two individuals also own WGCZ Limited and WGCZ Holding, none of the Bangbros entities have any corporate overlap with WGCZ Limited or WGCZ Holding.  *Id.*  Bangbros is a separate entity structure; neither Defendant operates physical personnel, servers, or offices supporting Bangbros.  *Id.*

      **D.**    **Penthouse**

      In June 2018, Penthouse World Media LLC; Penthouse World Broadcasting LLC; Penthouse World Digital LLC; Penthouse World Licensing LLC; and Penthouse World Publishing LLC (the "Penthouse Entities") acquired substantially all of the assets of Penthouse Global Media, Inc. *Id.* ¶ 17.  None of these entities are defendants in this lawsuit.  *Id.*; Compl. ¶ 8.  The Penthouse website is owned and operated by Penthouse World Digital, LLC, which is a Delaware limited liability company that is not named in the Complaint.  *Id.* ¶ 18.  While Penthouse World Digital LLC has two members, WGCZ Limited (99% holding) and a private individual (1% holding), Penthouse World Digital, LLC is a separate entity from WGCZ Limited and observes corporate formalities, rendering it a distinct corporate entity—both in form and function—from WGCZ Limited.  *Id.*

**III.**    **Non-Defendant WebGroup Czech Republic, a.s. ("WebGroup")**

      As noted, WebGroup is a separate company from WGCZ Limited and WGCZ Holding and is not named as a defendant in the Complaint. *Id.* ¶ 9.  WebGroup is a wholly Czech company.  *Id.*

      Although it operates XVideos, WebGroup does not perform acts related to XVideos in this District. *Id.* ¶ 10.  WebGroup does not have personnel supporting XVideos in Texas or elsewhere in the United States; it does not maintain servers in Texas or anywhere else in the U.S.; and it does not maintain offices for XVideos in Texas or anywhere else in the U.S. *Id.* ¶ 12.  Further, XVideos is a free video hosting (or "tube") site that allows users to upload adult videos.  *Id.* ¶ 10.  WebGroup does not direct XVideos to any particular country, nor does it solicit videos from any particular country.  *Id.* ¶ 11.  XVideos is generally available to any user anywhere in the world with an Internet connection, setting aside age or country censorship filters, and is available in

approximately 250 countries.  *Id.*  The majority of XVideos' market is not concentrated in the United States, with the percentage of total visitors to XVideos with US IP addresses approximating around 8.5 percent.  Texas users account for 6% of total US users, and thus far less than 1% of global XVideos visitors.  *Id.*

## ARGUMENT

### I.  Plaintiff Cannot Establish Personal Jurisdiction Over Either Defendant

Personal jurisdiction is "an essential element" of district court jurisdiction, "without which the court is powerless to proceed to an adjudication."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (citation and quotation marks omitted).  Under Federal Rule of Civil Procedure 12(b)(2), a court must dismiss a claim against a defendant if personal jurisdiction is lacking.  The plaintiff bears the burden of proof of establishing jurisdiction by *prima facie* case, with each defendant analyzed separately.  *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 233 (5th Cir. 2016) (citing *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002)); *see also Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually."); *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015); *Eagle Metal Prods., LLC v. Keymark Enters., LLC*, 651 F. Supp. 2d 577, 593 (N.D. Tex. 2009).[4]

In making its determination, a court may consider "the contents of the record before the court at the time of the motion, including affidavits[.]" *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002) (citation and quotation marks omitted).  A court is not required to credit conclusory allegations, even if uncontroverted.  *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).  Further, a plaintiff may not rely on the allegations in a complaint that are "contradicted by affidavits." *Wyatt v. Kaplan*, 686 F.2d 276, 282 n.13 (5th

---

[4]  Defendants contacted Plaintiff's counsel before filing this motion and offered to provide jurisdictional discovery.  Should jurisdictional discovery occur, and if no hearing is necessary because jurisdictional facts are not in dispute, the preponderance of the evidence standard would apply.  *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001).

Cir. 1982) (holding that plaintiff failed to make prima facie case where defendant presented uncontradicted affidavits) (citation omitted).

To determine whether personal jurisdiction is proper, a court conducts a two part inquiry. *See Daimler AG*, 571 U.S. at 125. First, a court asks whether a defendant is subject to jurisdiction of a state court of general jurisdiction under state law. *See id.* Next, a court asks if the exercise of personal jurisdiction would exceed the limitations of due process. *See id.* Because the long-arm statute in Texas extends to the limits of due process, the inquiry focuses only on the due process prong. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).

### A.     There is No General Jurisdiction Over Defendants

The Due Process Clause permits courts to exercise "two types of personal jurisdiction: 'general' (sometimes called 'all purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1780 (2017) (citation omitted). General jurisdiction is limited to forums where a defendant is "fairly regarded as at home." *Id.* (citation omitted).

For a corporation, simply doing business in a forum does not suffice to permit general jurisdiction; a company's affiliations with a forum must be so "continuous and systematic" as to render them essentially at home there. *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (citing *Daimler*, 571 U.S., at 119); *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1375 (Fed. Cir. 2017). For a corporation, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG*, 571 U.S. at 139 (cleaned up). Sporadic and insubstantial contacts with the forum are insufficient. *See Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018 (Fed. Cir. 2009) (general jurisdiction improper where defendant had only "sporadic and insubstantial contacts" with forum state).

Here, there is no factual basis for the exercise of general jurisdiction over either Defendant. Neither entity has continuous and systematic contacts with Texas such that it is at home here. *Daimler AG,* 571 U.S. at 139 (citation omitted). To the contrary, both entities are

incorporated and headquartered in the Czech Republic, where both entities' officers, directors, and employees also reside. Seifert Decl. ¶ 2 ; *see Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 339 (5th Cir. 2020) (Texas lacked personal jurisdiction over company that advertised in the state, because physical corporate operations occurred in a different forum where it was domiciled). Indeed, the Complaint cites not a single physical contact between either Defendant and this forum, besides what is an erroneous (and presumably misplaced) reference to a Burbank, California location that is not within this District. *See* Compl. ¶ 17.[5] There is therefore no basis for general jurisdiction over either Defendant.

Plaintiff cannot rely, in the alternative, on other entities to tie Defendants to this forum. The Complaint does not allege that either Defendant has a subsidiary in this District. And even if they did, the contacts of any subsidiaries cannot be attributed to either Defendant, because both companies observe proper corporate formalities from each of their subsidiaries. *See Southmark Corp. v. Life Invs., Inc.*, 851 F.2d 763, 773-74 (5th Cir. 1988) ("In this Circuit, it is well-settled that where, as here, a wholly owned subsidiary is operated as a distinct corporation, its contacts with the forum cannot be imputed to the parent.") (citation omitted); *see also Special Indus., Inc. v. Zamil Grp. Holding Co*., 578 F. App'x 325, 332 (5th Cir. 2014) (personal jurisdiction over foreign parent company lacking despite parent's stock ownership in subsidiary, commonality of officers, and perceptions of public); Seifert Decl. ¶ 7.

Nor can Plaintiff rely on the allegedly infringing websites for jurisdiction, as none of the websites is owned or operated by Defendants. Even if they were, the ability of a forum's residents to access a defendant's website "does not by itself show any persistent course of conduct by the defendants in the [forum]." *Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005) (citation omitted); *Campbell Pet Co. v. Miale*, 542 F.3d 879, 881–

---

[5]   Although the Complaint alleges that "Defendants . . . ha[ve] a regular and established place of business located at 2300 West Empire Avenue, 7th Floor, Burbank California 91504 in this Judicial District," that is factually incorrect. *See* Compl. ¶ 17;  Seifert Decl. ¶¶ 2–4.

884 (Fed. Cir. 2008) (generally available website did not establish jurisdiction in forum).[6] Accordingly, there is no basis for general jurisdiction over either Defendant in this case.

**B.    There Is No Specific Jurisdiction Over Defendants**

Specific jurisdiction is equally lacking. This type of jurisdiction is confined to issues "deriving from, or connected with, the very controversy that establishes jurisdiction"; it therefore may only be exercised when there is a substantial relationship between the forum and the specific claim asserted. *See Bristol-Myers Squibb*, 137 S. Ct. at 1780; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal citations omitted). To determine whether there is specific personal jurisdiction, a court considers whether: "(1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair." *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012) (citing *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003)). The unilateral activities of a third-party do not constitute purposeful availment; rather, a plaintiff must point to "actions by the defendant *himself*" to create the requisite "substantial connection with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citations omitted).

The plaintiff must prove the first two parts of the test before the burden then shifts back to defendant to prove that jurisdiction is unreasonable. *Cf. id.* at 476. In this inquiry, the Court examines five factors: (1) the burden on the nonresident defendant; (2) the forum state's interests;

---

[6]   Plaintiff alleges without supporting factual basis that Defendants make "a large portion of its revenue from advertising from United States companies" and "subscriptions from website visitors within the United States." Compl. ¶ 6. This is insufficient, as Defendants are holding companies that do not advertise in this country. Even if they did, advertising alone does not suffice to grant jurisdiction. *See Campbell Pet Co.*, 542 F.3d at 881–884 (Fed. Cir. 2008) (general jurisdiction improper over defendant despite revenue deriving from district, conference attendance in forum, and a generally accessible website); *see also Revell*, 317 F.3d at 470–71 (no general jurisdiction where a defendant offered its website users the opportunity to subscribe to its publication, purchase advertising on its website, and submit applications for publication); *see also Interactive Life Forms, LLC v. Weng*, No. A-12-CA-1182-SS, 2013 WL 12116148, at *4 (W.D. Tex. Apr. 8, 2013) (no jurisdiction where there "no indication Defendants specifically designed the website for Texans, marketed specifically to Texans, encouraged Texans to buy their product, or otherwise solicited any business from Texas.").

(3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *See id.* at 477.

### 1. Purposeful Contact is Lacking

Both Defendants should be dismissed. Neither operates any of the allegedly infringing websites; as holding companies, Defendants do not operate any websites at all. Seifert Decl. ¶ 8. Defendants have no physical presence in this forum, let alone a presence that has any connection to the claims of the Complaint; they maintain no bank accounts, offices, personnel, or servers anywhere in this District or the U.S. *Id.* at ¶¶ 2-4.

#### (a)     *Neither Defendant Operates XVideos*

Plaintiff rests most of the Complaint on the XVideos website—a website that is not owned or operated by either Defendant, and that is instead operated by non-defendant WebGroup. Accordingly, it is simply inaccurate that Defendants target the U.S. and encourage U.S. citizens to join as members of that website; that Defendants "exercise[s] control over the devices of customers and third parties," and that Defendants' employees "operate" websites "in this Judicial District and elsewhere." Compl. ¶ 130. Defendants do not "control" any devices, nor do they target individuals in any one forum over another, let alone in relation to XVideos. Seifert Decl. ¶ 11. Further, none of Defendants' employees work in this District at all. Seifert Decl. ¶ 3. Accordingly, these allegations do not confer jurisdiction.

#### (b)     *XNXX Cannot Be Considered a Purposeful Contact*

Plaintiff also cannot base jurisdiction on XNXX. That site is not owned or operated by either Defendant, but instead by NKL Associates s.r.o., a separate Czech entity that is not party to this lawsuit. Seifert Decl. ¶ 15; *see also Hepp v. Facebook, Inc.*, 476 F. Supp. 3d 81, 89 (E.D. Pa. 2020) (dismissing WGCZ, a.s. (now WGCZ Limited), in right of publicity case because XNXX was owned by NKL at relevant times and therefore could not be contact for jurisdictional purposes), *aff'd in relevant part by Hepp v. Facebook*, 14 F.4th at 208 n.1. Thus, XNXX cannot

support jurisdiction over either WGCZ Limited or WGCZ Holding. *See Hepp*, 476 F. Supp. 3d at 89*; see also Sangeppha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 103 (5th Cir. 2018) (only defendant's contacts with forum are relevant to jurisdiction, not unilateral activity of a third party).

(c)  *Bangbros is Also Not a Contact*

Similarly, Bangbros is not owned or operated by WGCZ Limited or WGCZ Holding. Seifert Decl. ¶ 16. Rather, Bangbros is held by a separate company that is not a party to this lawsuit. *Id.* Thus, any contacts between Bangbros and this forum may not be attributed to Defendants.

(d)  *Penthouse Does Not Support Jurisdiction*

Neither Defendant owns or operates the Penthouse website. Rather, that website is owned and operated by Penthouse World Digital, LLC, a Delaware LLC based in California. *Id.* ¶ 18. Although WGCZ Limited is a majority member of that LLC, the two entities observe corporate formalities. *Id.*

Further, even if a relevant connection between Penthouse World Digital, LLC and this forum existed, Plaintiff has not—and cannot—allege that Penthouse World Digital, LLC is an alter ego of WGCZ Limited, such that that entity's contacts could be attributed to WGCZ Limited. Under these circumstances, where WGCZ Limited exerts no control over Penthouse World Digital, LLC and maintains corporate formalities, that entity's contacts with this forum cannot be attributed to WGCZ Limited. *Celgard*, 792 F.3d at 1379 (contacts of a third party attributable to parent company only if plaintiff establishes agency or alter ego relationship); *see also Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 588 (5th Cir. 2010) (even if some factors suggest that an entity is the alter ego of another, the "maintenance of corporate formalities tips in favor of finding that the entities are not alter egos").

Nor does the Penthouse bankruptcy case support jurisdiction. Quite the opposite. That acquisition, in which  Penthouse World Digital, LLC acquired the rights to the Penthouse website,

took place in June 2018—two years *after* the time period relevant to the alleged infringement. *See* Compl. ¶¶ 163-165; Seifert Decl. ¶ 17; *In re Penthouse Global Media, Inc.*, Case No. 1:18-bk-10098-MB (C.D. Cal. 2018). *Id.* Thus, any contacts with Penthouse cannot support jurisdiction for this additional reason. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 427 (5th Cir. 2005) (noting that plaintiffs did not reside in Texas during "any of the time relevant to th[e] suit"); *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819, 861 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014), and *aff'd*, 753 F.3d 521 (5th Cir. 2014) (disregarding subsidiary's contacts where subsidiary had no contacts with forum during the "relevant time period"); *see also Johnston v. Pneumo Corp.*, 652 F. Supp. 1402, 1406 (S.D. Miss. 1987) (declining to hold that contacts may be attributed to successor corporation that buys assets and liabilities).

Moreover, the involvement in the bankruptcy proceedings that Plaintiff cites include: 1) a notice of appearance and 2) a motion to approve settlement, both of which occurred in Bankruptcy Court for the Central District of California, not this forum. Compl. ¶ 8. Thus, any acquisition of that entity does not sufficiently relate to this forum or this action, as necessary to support specific jurisdiction. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 213 (5th Cir. 2016) (though defendant hired agents in Texas including from plaintiff, traveled there to close a deal, and agreement had Texas choice of law, contacts were unrelated to action and did not confer jurisdiction).

Therefore, Penthouse cannot support jurisdiction here over either Defendant.

(e)    *There is No Basis for a Stream of Commerce Theory*

Realizing that purposeful availment is lacking, Plaintiff asserts Defendants "placed products . . . into the stream of commerce with the knowledge and/or reasonable expectation that purchasers and users of such products were located within this district." Compl. ¶ 15. But because Defendants did not operate the Accused Websites, or place anything in the stream of U.S. commerce at all, this "bare formulaic assertion" is insufficient to establish jurisdiction. *See AFTG-*

*TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012) (district court properly found that jurisdiction was lacking where plaintiff had relied on stream of commerce allegation). Further, even assuming that Defendants had placed an allegedly infringing website in the stream of commerce, that alone would not be sufficient to confer jurisdiction. *See Marynard v. Philadelphia Cervical Collar Co.*, 18 F. App'x 814, 817 (Fed. Cir. 2001) (personal jurisdiction requires an additional act besides introducing a product into a stream of commerce); *see also Naughtys LLC v. Does 1-580*, No. 4:21-CV-492-O, 2022 WL 818993, at *7 (N.D. Tex. Mar. 3, 2022), *report and recommendation adopted*, No. 4:21-CV-00492-O, 2022 WL 816480 (N.D. Tex. Mar. 17, 2022) (promoting, advertising, and offering for sale copyright infringing products on Amazon, which could be shipped to Texas, was insufficient to confer jurisdiction). Indeed, if Plaintiff's conclusory allegations about the universally available Internet were sufficient to establish jurisdiction based on the "stream of commerce," any court would have jurisdiction over *any* website. That unbounded exercise of jurisdiction would be contrary to the Due Process Clause. Jurisdiction is lacking in these circumstances. *See Freescale Semiconductor, Inc. v. Amtran Tech. Co.*, No. A-12-CV-644-LY, 2014 WL 1603665, at *6-7 (W.D. Tex. Mar. 19, 2014) (in patent case, finding no jurisdiction over Taiwanese company that licensed a company to sell worldwide, including in Texas, because company had an overriding interest in serving the U.S. marketplace "as a whole"). *Id.* at *6-7.

(f)     *Subsidiaries Also Do Not Provide Jurisdiction*

Nor can Plaintiff attempt to conjure jurisdiction over Defendants based on any subsidiaries. A subsidiary's contacts cannot be imputed to a parent corporation "absent clear and convincing evidence that the parent controls the subsidiary's activities." *Avocent Huntsville Corp.*, 552 F.3d at 1337–38 ; *accord Gonzalez v. Bank of Am. Ins. Servs., Inc.*, 454 F. App'x 295, 300 (5th Cir. 2011) (courts "begin with a presumption that a subsidiary, even one that is wholly-owned, is independent of its parent for jurisdictional purposes."). A parent must "totally control[] the

actions of the subsidiary so that the subsidiary is the mere alter ego of the parent." *Sys. Div., Inc. v. Teknek Elecs., Ltd.*, 253 F. App'x 31, 35 (Fed. Cir. 2007) (citation omitted).[7]

Nothing in the Complaint supports jurisdiction over Defendants on this basis. At best, the Complaint alleges that the "WGCZ Group," supposedly comprised of WGCZ Limited and WGCZ Holding, operate as a common business enterprise, which itself is "divided among several WGCZ entities" that "exhibit legal and effective control over each of the Defendants." Compl. ¶ 13. These circular and conclusory allegations are legally insufficient and contradicted by the evidence. Where, as here, a plaintiff "has not alleged anything beyond the mere existence of a corporate relationship between [defendant] entities," it has "not rebutted the presumption of institutional independence." *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 251–52 (5th Cir. 2019) (internal citations omitted) (conclusory allegations that infringement of defendant entities was "interconnected and tightly controlled" were insufficient to make out a prima facie case of personal jurisdiction).

### 2. Plaintiff's Claims Do Not Arise Out of or Relate to Any of Defendants' Forum-Related Activities

Independently, Plaintiff fails to meet the second requirement of the jurisdictional inquiry, which focuses on whether the suit "arise[s] out of or relate[s] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co.*, 137 S. Ct. 1780. As the Supreme Court recently explained, the phrase "'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021). That

---

[7] Similarly, any contacts by WGCZ Limited cannot be attributed to WGCZ Holding. WGCZ Holding and WGCZ Limited are separate companies that observe corporate formalities, including maintaining separate bank accounts, minutes, and records, and that do not commingle assets. *Id.* Seifert Decl. ¶ 7. WGCZ Holding does not direct WGCZ Limited; to the contrary, WGCZ Limited operates as a separate entity. *Id.* On these facts, there is no basis for finding that WGCZ Limited is the alter ego of WGCZ Holding, and none of WGCZ Limited's contacts may be attributed to WGCZ Holding. *See Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1363 (5th Cir. 1990) (subsidiary was not alter ego of parent even the parent owned 100% of subsidiary, oversaw corporate policy, funneled revenues into centralized accounts, and filed consolidated tax returns, as companies observed corporate formalities and subsidiary controlled operations).

requires, in turn, a "*strong* relationship" between the defendant, forum, and the litigation: the "essential foundation" of specific jurisdiction. *Id.* at 1028 (citations omitted; emphasis added).

Here, Plaintiff brings patent infringement claims, but to support jurisdiction, it merely purports to rely on a series of unrelated or misstated contacts that do not suffice under this standard and indeed themselves are unconnected to this forum.

(a)     <em>Lawsuits</em>

Plaintiff alleges that WGCZ Limited has been sued in the U.S. and appeared in a case relating to its acquisition of the Penthouse entities. Compl ¶¶ 8–9. But that case was not even brought in this District or related to this litigation: *Hydrenta HLP Int. Limited v. WGCZ, S.R.O., et al.,* Case No. 2:15-cv-1250-LDG-NJK, was brought in the District of Nevada, and was a wholly unrelated copyright case. Thus, the lawsuit was not part of either Defendant's efforts to direct its conduct toward the forum, and it was not tied in any way to this patent case or this forum. Indeed, the defendants named in that suit moved for dismissal in that case based on a lack of personal jurisdiction, and the case was ultimately dismissed by the plaintiff. *Hydrenta*, Case No. 2:15-cv-1250-LDG-NJK at Dkts. 42, 47, 48. Thus, if anything, that lawsuit counsels *against* exercising jurisdiction here.

Similarly, in the unrelated lawsuit brought against WGCZ Holding, *Jane Doe v. WebGroup Czech Republic, as, et al,*, Case No. 2:21-cv-02428-VAP-SK (C.D. Cal.), the District Court *granted* these same Defendants' motion to dismiss for lack of personal jurisdiction, finding that "Plaintiff [was] unable to establish that the Foreign Defendants purposefully directed their activities to the United States." Dkt. 161 at 15; *see also* Dkts. 168 (denying reconsideration of dismissal order); 174 (dismissing action).[8] That case, too, favors dismissal here. //

---

[8] Although not cited in the Complaint, WGCZ Limited was also a party to that action, and likewise was dismissed as part of the Central District's order. *Id.* at Dkt. 161. The plaintiff in the Central District suit has appealed the dismissal to the Ninth Circuit, and the litigants to that case are currently briefing plaintiff's appeal.

Plaintiff claims that Defendants have "business offices in this District."  Compl. ¶ 15.  This is simply false (and appears to be a copy and paste error by Plaintiff from its other suits).  Neither Defendant has business offices in this District, or anywhere in the U.S.  Seifert Decl. ¶¶ 2–4.  Accordingly, this non-existent contact cannot support jurisdiction.

(c)    *Servers and Content Delivery Networks*

Plaintiff attempts to point to servers that purportedly are generally "within the U.S.," or that are provided by ServerStack, a company that Plaintiff asserts operates in New York.  Compl. ¶ 16.  This statement is incorrect, as neither WGCZ Limited nor WGCZ Holding operate or maintain servers in Texas or in the U.S.  Seifert Decl. ¶ 3.  Plaintiff further alleges that Defendants contract with "various Content Distribution Networks" to distribute video content (Compl. ¶ 16).  That statement is also untrue, as Defendants do not contract with CDNs to distribute content related to this action.  Accordingly, Plaintiff's allegations regarding servers or third-party CDNs do not confer jurisdiction.

**3.    Exercising Jurisdiction Over the Defendants Would Offend Notions of Fair Play and Substantial Justice**

Assuming, *arguendo*, that Defendants had directed their activities at this forum and that Plaintiff's claims related to those contacts, the exercise of jurisdiction over Defendants would offend traditional notions of fair play and substantial justice.  In determining reasonableness, courts consider: (1) the "primary concern" of the burden on defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in fundamental substantive social policies.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

Here, it would be unreasonable to exercise personal jurisdiction over either Defendant.  As a preliminary matter, it would be disproportionally burdensome for Defendants to litigate in this forum, which is across the world, and over 5,000 miles away, from Defendants' Czech

headquarters.  *See  Auto Wax, Inc. v. Kasei Kogyo Co., Ltd.*, No. A 00-531 SS, 2001 WL 1891719, at *3 (W.D. Tex. Sept. 26, 2001) ("The burden on a defendant is especially high when the defendant is located in a foreign country[.]").  That finding is particularly true here, where Defendants do not maintain offices in this forum, nor do Defendants' employees or officers work or reside here.  Seifert Decl. ¶¶ 2–4.  The individuals who might have knowledge or information related to the Complaint are located abroad, and many do not speak English or do not speak it as a first language.  *Id.* ¶ 18.  Texas also has no particular interest in resolving this dispute, where the allegedly infringing websites were available in any state, or any country for that matter.  On balance, exercising jurisdiction over the Defendants here would be unreasonable.

## II.    XVideos Would Not Support Jurisdiction over Non-Defendant WebGroup

Even if Plaintiff had named WebGroup as a defendant in this case, which it is has not, WebGroup is a separate Czech entity that would not be subject to general jurisdiction in this forum. Further, XVideos is not a relevant contact that could support specific jurisdiction over WebGroup.

At base, Plaintiff alleges that jurisdiction is proper because one of the allegedly infringing websites, XVideos, is available for users in this District.  *See* Compl. ¶¶ 129–30; 152–153.  This type of bare allegation is "insufficient to show that [a defendant] has minimum contacts" with a forum.  *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1378 (Fed. Cir. 2017).  In *Nexlearn*, for instance, the Federal Circuit explained that absent evidence showing that residents in the forum district had used the website to transact business, a plaintiff could not rely on a generally available website to support specific jurisdiction.  *Id.* (citing *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1281-82 (Fed. Cir. 2005)).  It went on to explain that even if a website included a forum state in its dropdown menu, and may indicate its amenability to selling the allegedly infringing product there, a "willingness" to enter into future transactions did not show purposeful availment.  *Id.* at 1378-79; *see also Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 325–26 (5th Cir. 2021) (in libel case, finding that "mere accessibility cannot

demonstrate purposeful availment," and that although the website showed ads and sold merchandise, "neither act target[ed] Texas specifically" or related to plaintiff's claim).

The same outcome is proper in this case. Here, XVideos is not targeted to this forum. It is readily accessible *anywhere* in the world, and is available in approximately 250 countries. Seifert Decl. ¶ 11. Nowhere in the Complaint does Plaintiff specify that the website is directed toward residents of this forum, tailored toward residents of this forum, or used by a particularly high number of residents in this forum. Indeed, XVideos has users all around the world, with the majority of XVideos' market concentrated outside of the United States; United States users comprise only approximately 8.5% of its global users. *Id.* The percentage of Texas users is even smaller; Texas users account for 6% of total U.S. users, and less than 1% of all XVideos' users. *Id.* The main piece of evidence Plaintiff cites in its Complaint of "active target[ing]" is a screenshot of a membership logon page (Compl. ¶ 131)—a page that does not reference this forum and is accessible to anyone with Internet access. *Id.* As the Federal Circuit has held, it "cannot be that the mere existence of an interactive website…is suit-related conduct [] creat[ing] a substantial connection with the forum[.]" *NexLearn*, 859 F.3d at 1379 (internal citations omitted); *Nunes v. NBCUniversal Media, LLC*, No. 4:21-CV-00608, 2022 WL 269101, at *7 (E.D. Tex. Jan. 28, 2022) (no personal jurisdiction because "even if interactive, the website and YouTube channel . . . were accessible to anyone in the world with an Internet connection.") (internal citations omitted).

Further, WebGroup does not maintain servers or CDNs in this forum. The servers for XVideos are located in the Netherlands. Seifert Decl. ¶ 12. Although the Complaint references CDNs, not only are these CDNs third-parties, but they do not appear to be based in this forum. Seifert Decl. ¶ 14. Plaintiff also does not tie any use of the CDNs to the alleged infringement in this case, as Plaintiff does not allege that any particular CDN was used to support or assist the alleged infringement. And in any case, servers or CDNs located elsewhere in the U.S. would not confer jurisdiction here, because the location of such third parties is not part of any purposeful availment of this forum; rather, they constitute "random" contacts that cannot support jurisdiction.

*See GreatFence.com, Inc. v. Bailey*, 726 F. App'x 260, 261 (5th Cir. 2018) (server location alone could not establish personal jurisdiction); *BGDG Enterprises, LLC v. Barley & Swine*, No. A-13-CA-719-SS, 2014 WL 12479650, at *4 (W.D. Tex. Jan. 23, 2014) (reviewing caselaw, finding that "courts have rejected the physical location of servers as a basis for personal jurisdiction"); *see also Will Co. Ltd. v. Fung*, No. C20-5666RSL, 2021 WL 3036853, at *4 (W.D. Wash. July 19, 2021) (the use of a CDN does not establish that websites are expressly aimed at a forum).

Thus, because XVideos cannot be considered a contact for jurisdictional purposes, there could be no jurisdiction over WebGroup either.

## III.    Independently, This Suit Should be Dismissed for Lack of Proper Venue

Even if personal jurisdiction existed in this District (and it does not), venue is improper and is an alternate basis for dismissal. *See* 28 U.S.C. § 1400 (b); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519–21 (2017) (rejecting argument that venue lies in any district in which corporation is subject to personal jurisdiction).

Section 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC*, 137 S. Ct. at 1519 (citation omitted). The venue statute is "intended to be restrictive of venue in patent cases compared to the broad general venue provision," and so, under Federal Circuit law, "the Plaintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013–14 (Fed. Cir. 2018). Pursuant to Section 1400(b), a civil action may be brought either 1) where the defendant resides, or 2) where the defendant has committed acts of infringement *and* has a regular and established place of business.

Here, there is no venue under the first provision of Section 1400(b) because neither Defendant is incorporated in this State; therefore neither resides in this District. *See TC Heartland*, 137 S. Ct. at 1520 (finding that a corporation "resides" only in its state of incorporation).

The second provision—allowing venue only where a defendant committed acts of infringement *and* had a "regular and established place of business" in this District—likewise cannot support venue in this District.

As an initial matter, Defendants have not committed acts of infringement in this District. Plaintiff makes only generic, factually unadorned allegations that improperly lump both Defendants and all four websites together, with no specification as to which Defendant or which website supposedly target this District specifically, and indeed neither Defendant operates any of the four websites in any event. This defect alone is fatal to Plaintiff's venue assertion.

Further, neither Defendant maintains a regular place of business in this District. In evaluating this prong, courts look at three requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). As explained previously, Defendants do not maintain any physical offices, personnel, servers, or any operational center anywhere in the U.S., let alone in this District. Seifert Decl. ¶¶ 2–4. Moreover, even if Defendants had some physical contact, it cannot be considered "regular," or in other words, "steady, uniform, orderly, and methodical." *Cray,* 871 F.3d at 1362 (finding that "sporadic activity cannot create venue"). Nor is the "place" of the Defendants within this District.[9] Thus, Plaintiff cannot show that Defendants have a "regular place of business" in this District (nor could Plaintiff do so given the evidence submitted by Defendants). Given Plaintiff's failure to meet each of these requirements, let alone all three, venue is improper: "[i]f any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id.* at 1360.

This suit should be dismissed as to both Defendants for lack of proper venue.

## CONCLUSION

Defendants respectfully request that the Court grant their motion and dismiss this action for lack of personal jurisdiction, or, in the alternative, for improper venue.

---

[9]  The location of a party's distributors or subsidiaries does not establish venue. *Reflection, LLC v. Spire Collective LLC*, No. 17-cv-1603-GPC(BGS), 2018 WL 310184, at *3 (S.D. Cal. Jan. 5, 2018) ("[A] distributor or subsidiary of a parent corporation selling the infringer's product does not demonstrate that a defendant has a regular and established business in this district."); *Galderma Labs., L.P. v. Teva Pharms. United States, Inc.*, 290 F. Supp. 3d 599, 611 (N.D. Tex. 2017).

Dated:  July 11, 2022                           Respectfully submitted,

/s/ Michael T. Zeller
Michael T. Zeller (pro hac vice)
Julia Choe (pro hac vice)
Tigran Guledjian (pro hac vice)
Scott A. Florance (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100
michaelzeller@quinnemanuel.com
juliachoe@quinnemanuel.com

Sean Damon (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone:  (202) 538-8000
Facsimile:  (202) 538-8100
seandamon@quinnemanuel.com

Evan Pearson
Quinn Emanuel Urquhart & Sullivan, LLP
300 West Sixth Street, Suite 2010
Austin, Texas 78701
Telephone:  (737) 667-6100
Facsimile:  (737) 667-6110
evanpearson@quinnemanuel.com

*Attorneys for Defendants*
*WGCZ Limited, s.r.o. and WGCZ Holding,*
*a.s.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system per Local Rule CV-5(b)(1), which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

 */s/ Evan Pearson*
Evan Pearson