IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PRESERVATION TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>WGCZ LIMITED., S.R.O. and WGCZ HOLDING, A.S.,<br><br>    Defendants. | C. A. No. 6:22-cv-00025-ADA<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' CASE READINESS STATUS REPORT

Defendants WGCZ Limited, s.r.o. and WGCZ Holding, a.s. (collectively, "Defendants") hereby provide the following status report in advance of the initial Case Management Conference. Defendants file this status report unilaterally because they did not receive Plaintiff's final additions or signing authorization prior to the filing deadline.[1]

### I. FILING AND EXTENSIONS

Plaintiff's Complaint was filed on January 7, 2022. One extension for a total of 21 days was unopposed and accepted by the Court. (*See* ECF No. 12; June 13, 2022 entry resetting deadlines.)

---

[1] Defendants provided Plaintiff with a proposed joint status report for this matter on July 15, 2022, and the parties met-and-conferred the next day regarding certain issues in this status report. Plaintiff did not provide a response to the proposed joint status report until today; those additions included reference to additional pre-*Markman* issues. (*See infra* Sections VIII.3, VIII.4.) Defendants revised the status report to take Plaintiff's changes into account and returned the status report to Plaintiff for sign-off. Defendants did not receive Plaintiff's sign-off on the status report prior to the filing deadline.

## II. RESPONSE TO THE COMPLAINT

Defendants responded to the Complaint on July 11, 2022 by filing a motion to dismiss for lack of jurisdiction and improper venue. (*See* ECF No 28.)

After Defendants filed their motion to dismiss, Plaintiff stated that it intended to file an Amended Complaint adding non-party WebGroup Czech Republic, a.s. ("WebGroup") as a defendant. Plaintiff claimed for the first time that it purportedly was unaware that WebGroup operated the accused xvideos.com website. The site itself, however, plainly has identified WebGroup as its operator (https:/info.xvideos.com/legal/tos) for years, and this fact is set forth in prior court decisions finding that there is no personal jurisdiction over WebGroup as well as named Defendants. Moreover, WebGroup has invited Plaintiff to request jurisdictional discovery on any such issues at least as early as February 9, 2022, but to date Plaintiff has failed to do so.

## III. PENDING MOTIONS

The only present pending motion is Defendants' motion to dismiss for lack of jurisdiction and improper venue, filed on July 11, 2022. (*See* ECF No 28.)

## IV. RELATED CASES IN THIS JUDICIAL DISTRICT

None known.

## V. IPR, CBM, AND OTHER PGR FILINGS

There are no known IPR, CBM or other PGR filings.

## VI. NUMBER OF ASSERTED PATENTS AND CLAIMS

Preservation asserted 11 patents and 37 claims in the Complaint. Preservation has not yet served its preliminary infringement contentions.

## VII. APPOINTMENT OF A TECHNICAL ADVISOR

The parties do not believe a technical advisor is needed for this case.

## VIII. MEET AND CONFER STATUS

On July 16, 2022, the parties met and conferred regarding the subject matter of this report. Accordingly, Defendants raise the following pre-*Markman* issues:

### 1. Standing.

Since February 2022, Defendants have requested Plaintiff provide documents showing any assignments for the patents-in-suit and any other documents that Plaintiff relies upon for standing in this suit. In response, five months later and on the day of the filing of this report, Plaintiff provided only an unredacted version of a sealed order in *Preservation Technologies LLC v. MindGeek USA Inc., et al.*, No 2:17-cv-8906 (C.D. Cal. Dec. 11, 2017 ("*MindGeek*"). Defendants' request has otherwise been ignored. Defendants ask the Court to order Plaintiff to provide all documents relating to standing, including any purported assignments to the patents and unredacted copies of relevant court documents (including unredacted exhibits and briefing) in *MindGeek*, to permit Defendants to evaluate Plaintiff's claim that it has standing to bring this action.

### 2. Patent Licenses In The Patents-In-Suit.

Since June 22, 2022, Defendants have asked Plaintiff to produce licenses with other companies or persons regarding the patents in this case. Although Defendants have received some limited information on this subject from Plaintiff, that information is not complete. Defendants request that Plaintiff be ordered to provide Defendants with complete copies of all licenses to the patents-in-suit so that Defendants may evaluate Plaintiff's damages theories and/or explore appropriate pre-trial resolution of this matter.

### 3. The Subject Websites.

Plaintiff has suggested that it requires information as to which entity or entities owns, hosts, and operates each of the xvideos.com and xnxx.com websites. Defendants' motion to

dismiss and accompanying declaration (filed on July 11, 2022) provided such information regarding the xvideos.com and xnxx.com sites. Moreover, Defendants repeatedly invited Plaintiff to conduct jurisdictional discovery prior to the filing of Defendants' motion, which Plaintiff did not do and still has not done to date.

### 4. Defendants' Website Activity.

Plaintiff also requested information regarding Defendants' owned or controlled websites in the United States. However, the declaration appended to Defendants' motion to dismiss addresses the issues requested by Plaintiff, including with regards to United States and Texas usage (*see* ECF No. 28-1 at ¶ 11), and as noted, Plaintiff has not propounded any jurisdictional discovery, despite Defendants' repeated invitations to Plaintiff to do so.

### 5. Protective Order.

Defendants anticipate submitting a proposed form of protective/confidentiality order, or the parties' limited disputes regarding such an order, in the coming weeks.

Defendants currently have no other pre-*Markman* issues for discussion at the CMC.

DATED: July 18, 2022

*/s/ Michael T. Zeller*
Michael T. Zeller (*pro hac vice*)
Julia Choe (*pro hac vice*)
Tigran Guledjian (*pro hac vice*)
Scott A. Florance (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
michaelzeller@quinnemanuel.com
juliachoe@quinnemanuel.com

Sean Damon (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
seandamon@quinnemanuel.com

Evan Pearson
Quinn Emanuel Urquhart & Sullivan, LLP
300 West Sixth Street, Suite 2010
Austin, Texas 78701
Telephone: (737) 667-6100
Facsimile: (737) 667-6110
evanpearson@quinnemanuel.com

*Attorneys for Defendants*
*WGCZ Limited, s.r.o. and WGCZ Holding, a.s.*