IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PRESERVATION TECHNOLOGIES LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WGCZ LIMITED., S.R.O. and ) <br> WGCZ HOLDING, A.S., ) <br> ) <br> Defendants. ) | C. A. No. 6:22-cv-00025-ADA <br><br> **JURY TRIAL DEMANDED** |

## CASE READINESS STATUS REPORT

Plaintiff Preservation Technologies LLC ("Preservation" or "Plaintiff") hereby provides the following status report in advance of the initial Case Management Conference. Defendants WGCZ Limited, s.r.o. and WGCZ Holding, a.s. (collectively, "Defendants") filed a unilateral report at 11:47 PM on July 18, 2022, after having been provided Plaintiff's comments at 9:02 AM and told at 9:06 PM that, without Defendants' comments, the parties should file in the morning. Defendants modified Plaintiff's comments and filed a unilateral report against the express suggestion of Plaintiff. This report fills in the omissions of that filing.

## FILING AND EXTENSIONS

Plaintiff's Complaint was filed on January 7, 2022. One extension for a total of 21 days was unopposed and accepted by the Court. (*See* ECF No. 12; June 13, 2022 entry resetting deadlines.)

1

## RESPONSE TO THE COMPLAINT

Defendants responded to the Complaint on July 11, 2022 by filing a motion to dismiss for lack of jurisdiction and improper venue. (*See* ECF No 28.)

In the filing of the motion to dismiss for lack of jurisdiction and improper venue, Defendants first asserted that "WGCZ Limited and WGCZ Holding do not operate XVideos or provide support to the website; rather, XVideos is operated by WebGroup Czech Republic, a.s. ("WebGroup"), a separate Czech entity that is not named as a Defendant in this action. Id. ¶ 9." Similarly, Defendants waited six months to assert that XNXX is owned by "NKL Associates s.r.o., a separate Czech entity that is not party to this lawsuit." Plaintiff informed Defendants that it intended to file an Amended Complaint adding related parties, followed by jurisdictional discovery.

## PENDING MOTIONS

The only present pending motion is Defendants' motion to dismiss for lack of jurisdiction and improper venue, filed on July 11, 2022. (*See* ECF No 28.)

## RELATED CASES IN THIS JUDICIAL DISTRICT

None known.

## IPR, CBM, AND OTHER PGR FILINGS

There are no known IPR, CBM or other PGR filings.

## NUMBER OF ASSERTED PATENTS AND CLAIMS

Preservation asserted 11 patents and 37 claims in the Complaint. Preservation has not yet served its preliminary infringement contentions.

## APPOINTMENT OF A TECHNICAL ADVISOR

The parties do not believe a technical advisor is needed for this case.

## MEET AND CONFER STATUS

On July 13, 2022, Defendants agreed to meet and confer with Plaintiff. On July 16, 2022, the parties met and conferred regarding the subject matter of this report. Accordingly, Defendants raise the following pre-*Markman* issues:

1. ***Standing.*** Defendants have requested Plaintiff provide documents showing any assignments for the patents-in-suit and any other documents that Plaintiff relies upon for standing. In response, Plaintiff has provided an order in *Preservation Technologies LLC v. MindGeek USA Inc., et al.*, No 2:17-cv-8906 (C.D. Cal. Dec. 11, 2017 ("*MindGeek*") denying a motion to dismiss for lack of standing. Defendants ask the Court to order Plaintiff to provide all documents relating to standing, including unredacted copies of relevant court documents (orders, exhibits, briefing) in *MindGeek* so that Defendants may evaluate whether Plaintiff has standing to bring this action.

2. ***Plaintiff's Patent Licenses.*** Defendants have asked Plaintiff to produce licenses with other companies or persons regarding the patents in this case. Plaintiff has provided its license with Defendants' direct pornography competitor, Mind Geek, and indicated it would produce other documents that might be relevant in a broad sense. Defendants request that Plaintiff be ordered to provide Defendants with complete copies of all licenses to the patents, so that Defendants may evaluate Plaintiff's damages theories and/or explore appropriate pre-trial resolution of this matter.

3. ***The Subject Websites***. Defendants are part of a group of related entities, many of which appear to be co-owned and/or co-located. Plaintiff has asked for a definitive statement as to which entity or entities: (1) owns, (2) hosts and (3) operates each of xvideos.com and xnxx.com. Defendants claim, in their Report, that information is provided in their Motion but provide no

citation. Contrary to the Report (Doc. 29), there is no relevant citation to hosting at all in the Motion. As to owning and operating, there is a reference to another related entity, NKL Associates s.r.o., ("NKL") owning and operating xnxx.com "at relevant times," with no identification of who owned or operated prior to 2014. *See* Doc. 28-1 at 4. Plaintiff asks for a simple statement as to ownership of each of owning, hosting and operation of those sites since January 1, 2010.

Moreover, Defendants oddly complain that Plaintiff has not engaged in jurisdictional discovery despite the parties specifically discussing and agreeing in conference on July 16, 2022, to the following sequence of events: (1) Plaintiff adding related parties that together implement Defendants' pornography indexing and delivery system in the United States and this District (so as to avoid a shell game of responsibility avoidance) by amended complaint filed by August 1, 2022; and (2) thereafter engaging in jurisdictional discovery in accordance with the Court's standing order after those parties are before the Court.

4. ***Defendants' Website Revenue and Activity.*** Strangely, Defendants ask this Court to order Plaintiff to serve all 20 or so licenses in which it has entered but omitted Plaintiff's responsive request for Defendants' revenue activity.

Specifically, Plaintiff has asked for certain limited information regarding owned or controlled websites in the United States, including periodic numbers of videos played, impressions/views by website in the US; periodic US advertising/referral revenue by website; and periodic subscriber/premium revenue by website. Plaintiff requests that Defendants be ordered to provide that information, including from WebGroup and NKL, to facilitate discussion of resolution.

5. ***Related Parties.*** Despite this case having been filed on January 7, 2022, Defendants waited six months to apprise Plaintiff of their claims as to some of the roles of

4

WebGroup and NKL.  Plaintiff asked whether Defendants' counsel would accept service for those related entities, and received no clear response.  To the extent Defendants' counsel decline to accept service and engage in fulsome jurisdictional discovery on behalf of those parties, Plaintiff seeks Court assistance in authorizing alternative service.

     2.    ***Protective Order.*** The parties anticipate submitting a proposed form of protective/confidentiality order, or their limited disputes regarding such an order, in the coming weeks.

The parties currently have no other pre-*Markman* issues for discussion at the CMC.

DATED: July 19, 2022                          Respectfully submitted,

*/s/ Andrew G. DiNovo*
Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dinovoprice.com
Adam G. Price
Texas State Bar No. 24027750
aprice@dinovoprice.com
Nicole E. Glauser
Texas State Bar No. 24050694
nglauser@dinovoprice.com
Michael French (*Pro Hac Vice*)
Texas State Bar No. 24116392
mfrench@dinovoprice.com
**DINOVO PRICE LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Telecopier: (512) 539-2627

**COUNSEL FOR PLAINTIFF**
**PRESERVATION TECHNOLOGIES LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that on July 19, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                    */s/ Andrew G. DiNovo*
                                    Andrew G. DiNovo